IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS -
HOUSTON DIVISION

| | |
|---|---|
| MARCUS ARAUJO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>V.<br><br>MARRIOTT INTERNATIONAL, INC.,<br><br>Defendant. | CIVIL ACTION NO. _____<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY OF SUIT

1.  The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of minimum standard of living necessary for health, efficiency and general well-being of workers ...." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206(a) and 207(a).

2.  The FLSA allows employers to pay less than the minimum wage to employees who receive tips. 29 U.S.C. § 203(m). In doing so, employers may take a tip credit, which allows employers to include in their calculation of tipped employees' wages the amount that an employee receives in tips. *Id.* The maximum federal tip credit that an employer currently is permitted to claim under the FLSA is $5.12 per hour, provided it has informed its tipped employees of the tip credit provision. *See* Updating Regulations Issued Under the Fair Labor Standards Act, 76 Fed.Reg. 18832, 18835 (Apr. 5, 2011).

3. Marriott International, Inc., (hereinafter "Defendant and/or "Marriott") violates the FLSA by (a) not advising its employees in advance of its use of the tip credit pursuant to the provisions of section 3(m) and (b) by taking an overtime tip credit larger than the permitted $5.12 per hour. As a result, Defendant fails to pay its servers the required time and one-half premium pay when they worked more than 40 hours in a work week. Consequently, Defendant loses its right to rely on the tip credit and must compensate its servers at the full minimum wage rate, and at the full overtime pay rate.

4. Defendant required and/or permitted the Plaintiff to work as a server at its hotel in excess of forty (40) hours per week, but refused to compensate him at the applicable overtime rates. Furthermore, Defendant failed to compensate the Plaintiff at the federally-mandated minimum wage rate.

5. Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

6. Furthermore, Defendant's practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision. *See* 29 U.S.C. §§ 203, 206.

7. Plaintiff brings a collective action to recover the unpaid wages owed to him and all other similarly situated employees, current and former. Members of the Collective Action are hereinafter referred to as "Class Members."

## SUBJECT MATTER JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

9. Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

10. Plaintiff Marcus Araujo is an individual residing in Harris County, Texas. Plaintiff's written consent to this action is attached to this Complaint as "Exhibit A."

11. The Class Members are current and former servers employed by Defendant nationwide at any time three years prior to the filing of this lawsuit to the present.

12. Defendant Marriott International, Inc. is a Delaware corporation duly licensed to do business in the State of Texas and doing so for the purpose of accumulating monetary profit. This Defendant may be served process through its registered agent: Corporate Creations Network Inc., 4265 San Felipe #1100, Houston, Texas 77027.

13. Defendant at all times relevant to this action has had sufficient minimum contacts with the State of Texas to confer personal jurisdiction upon it by this Court. Defendant conducts business from numerous locations throughout Texas, including Houston, Texas.

14. Defendant contracted with and employed Texas residents, like the Plaintiff, to conduct its business in Texas. Moreover, Defendant hired and recruited Texas residents, like the Plaintiff, to conduct its business in this state.

## FLSA COVERAGE

15. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

16. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because it has had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

17. Furthermore, Defendant has had, and continues to have, an annual gross business volume in excess of the statutory standard.

18. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

## FACTS

19. Defendant operates Marriott hotels nationwide.

20. Defendant employs servers to provide wait staff services to its hotel patrons.

21. Plaintiff Marcus Araujo was formerly employed as a server at Defendant's Houston Marriott at the Texas Medical Center location in Houston, Texas from approximately February of 2008 through May 2012.

22. Defendant pays its servers at an hourly rate below minimum wage plus tips. By paying Plaintiff and Class Members less than the minimum wage per hour, Defendant is taking advantage of a tip credit which allows Defendant to include in its calculation of wages a portion of the amounts that Plaintiff received as tips.

23. Defendant violated the FLSA when it failed to notify each tipped employee about the tip credit allowance (including the amount to be credited) before the credit was utilized. That is, Defendant's servers were never made properly aware of how the tip credit allowance worked or what the amounts to be credited were.

24. Because Defendant violated the FLSA's tip credit notification requirements, Defendant loses the right to take a credit toward its minimum wage and overtime obligations.

25. As such, the Plaintiff and servers were not compensated at the federally mandated minimum wage and overtime rate.

26. Furthermore, although the Plaintiff was required to and did in fact frequently work more than forty (40) hours per workweek, he was not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek. That is, Defendant took a tip credit against its overtime obligation in excess of $5.12 per hour in violation of the FLSA's tip credit provision. Consequently, it failed to compensate its servers at the federally mandated overtime rate. Defendant's violation of the overtime tip credit also invalidates its right to take a tip credit against its minimum wage obligations. As such, Defendant has also failed to compensate its servers at the federally mandated minimum wage rate.

27. Defendant knows or should have known that its policies and practices violate the FLSA, and Defendant has not made a good faith effort to comply with the FLSA. Rather, Defendant knowingly, willfully, and/or with reckless disregard of the law carried and continues to carry out this illegal pattern and practice regarding its tipped employees by taking an overtime tip credit above the permissible maximum amount of $5.12 per hour. Defendant's method of paying Plaintiff in violation of the FLSA was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

## FLSA OVERTIME VIOLATION

28. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

29. Defendant's practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

30. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendant or the Plaintiff.

## FLSA MINIMUM WAGE VIOLATION

31. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

32. Defendant's practice of failing to pay Plaintiff at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.

33. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendant or the Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff has actual knowledge that Class Members have also been denied overtime pay for hours worked over forty hours per workweek and have been denied pay at the federally mandated minimum wage rate. Specifically, Plaintiff worked with other servers at Marriott. These employees have reported that they were subject to the same illegal pay practice described above. Such other employees have also expressed an interest in joining this lawsuit.

35. Other employees similarly situated to the Plaintiff work or have worked for Defendant's hotel, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek. Furthermore, these same employees were denied pay at the federally-mandated minimum wage rate.

36. Defendant took a tip credit against its minimum wage and overtime obligations for the Plaintiff and Class Members.

37. Although Defendant permitted and/or required the Class Members to work in excess of forty hours per workweek, Defendant has denied them full compensation for their hours worked over forty. Defendant has also denied them full compensation at the federally mandated minimum wage rate.

38. The Class Members perform or have performed the same or similar work as the Plaintiff.

39. Class Members regularly work or have worked in excess of forty hours during a workweek.

40. Class Members are not exempt from receiving overtime and/or pay at the federally mandated minimum wage rate under the FLSA.

41. As such, Class Members are similar to the Plaintiff in terms of job duties, pay structure, and/or the denial of overtime and minimum wage.

42. Defendant's failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

43. The experiences of the Plaintiff, with respect to his pay, are typical of the experiences of the Class Members.

44. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

45. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

46. All Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

47. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all Class Members.

48. Due to the inherent nature of Defendant's tip credit pay policy, all of Defendant's employees subject to a tip credit are similarly situated with respect to the violation.

49. As such, the class of similarly situated Plaintiffs is properly defined as follows:

> **All current and former servers employed by Defendant nationwide at any time three years prior to the filing of this lawsuit to the present.**

## DAMAGES SOUGHT

50. Plaintiff and Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

51. Additionally, Plaintiff and Class Members are entitled to recover their unpaid overtime compensation.

52. Plaintiff and Class Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

53. Plaintiff and Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## JURY DEMAND

54. Plaintiff and Class Members hereby demand trial by jury.

## PRAYER

55. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

   a) Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

   b) All unpaid wages at the FLSA mandated minimum wage rate;

   c) An equal amount as liquidated damages as allowed under the FLSA;

   d) Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA;

e)      An order requiring Defendant to correct its pay practices going forward; and

f)      Such other relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted,

By: /s/ *Martin Shellist*
    Martin Shellist
    State Bar No. 00786487
    Federal ID No. 16456
    mshellist@eeoc.net
    Ricardo J. Prieto
    State Bar No. 24062947
    Federal ID No. 1001658
    rprieto@eeoc.net
    Sidd Rao
    State Bar No. 24065947
    Federal ID No. 1095562
    srao@eeoc.net
    11 Greenway Plaza, Suite 1515
    Houston, Texas 77046
    Telephone: (713) 621-2277
    Facsimile: (713) 621-0993
    ATTORNEYS FOR PLAINTIFF

OF COUNSEL:
SHELLIST LAZARZ SLOBIN LLP